[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife at DeCollatura, Italy, on May 16, 1959. The wife's birth name was Cerra.
Three children were born to the wife during the marriage, all issue, and none of which are minors.
Both of the parties were born in Italy and have a limited formal education. They have worked very hard since coming to this country, owning a restaurant in Danbury for twelve years, and for the past year they have owned a restaurant in Waterbury, Connecticut.
The husband is fifty-one (51) years of age and in apparent good health. The wife is fifty-two (52) years of age and testified that she has a high cholesterol count and high blood pressure.
During the course of the marriage, the parties managed to acquire several parcels of real estate. In spite of the differences expressed during the course of trial, the parties do present agreement as to the disposition of several of these properties.
The husband attributes the breakdown of the marriage primarily to the wife's disposition and her constant accusations of his infidelity. He claims that living with her has become impossible since she is always unhappy. He does admit that after the separation he took up with another woman with whom he is presently living.
On the other hand, the wife does not want the dissolution. She does, however, say that life with her husband has been far CT Page 5186 from easy. While in Italy, he always went out with his friends and never took her anywhere. She further testified that, after two or three months of marriage, he took off his wedding band and never put it back on again. In thirty-two years of the marriage, she claims he only took her out once for dinner. She also testified as to several affairs which she alleges the husband had during the course of the marriage.
There is no question the wife has had a difficult time even if the affairs are not to be believed. Her life has been one of hard work, both in and out of the home. There is no doubt in the court's mind that the husband has worked equally hard, but his life was at least made more pleasant by his ability to socialize to a greater extent. In any event, it is unfortunate, after so many tribulations and having raised a family, that somehow these differences could not have been resolved.
From the testimony, it appears that the husband has no firm objections to the court assigning ownership of the restaurant to the wife. It also is uncontroverted that the husband sold property located in Italy. He claims that in November, 1990, he received $55,000 from the sale. He further claims that $15,600 was spent on the restaurant, $15,000 was used to pay Mr. Rullo and the balance he kept. There is $42,000 still owning from the sale of that property.
Taking into consideration all of the testimony and the mandated provisions of Connecticut General Statutes, Sec.46b-81 and 46b-82, the court further finds and orders as follows :
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may enter.
2. The husband shall transfer to the wife all of his right, title and interest in Dominic's Apizza and shall cooperate with her fully in the orderly assignment of the permittee license. The wife shall be responsible for the payment of the note of approximately $92,000 which is owed to the prior owners. She shall hold the husband harmless and indemnify him from any and all claims relative to said indebtedness.
3. The premises located at 60 Stadley Rough Road, Danbury, Connecticut are by, judicial decree, assigned to the wife, subject to the present mortgage which she shall be responsible to pay. She shall hold the husband harmless and indemnify him from any and all claims relative to said mortgage. CT Page 5187
4. The wife shall convey by quitclaim deed all of her right, title and interest in 58 Stadley Rough Road to the husband. He shall be responsible for the payment of all expenses attendant to the ownership of said property and shall hold the wife harmless and indemnify her from any and all claims.
5. The wife shall transfer to the husband all of her right, title and interest in the Lake Avenue property to the husband. He shall be responsible for the payment of the mortgage and shall hold her harmless and indemnify her from any and all claims.
6. Each of the parties shall retain their present interest in the Karen Road property.
7. The wife shall convey all of her right, title and interest in the Coal Pit Hill property to the husband. He shall be responsible for the payment of the mortgage and the Rullo note and he shall hold the wife harmless and indemnify her from any and all claims arising as a result of said obligations.
8. The wife shall assign to the husband any and all claims she may have to the remainder of funds due from the sale of the property in Italy, to the Massaro debt and the D'Urso debt.
9. The husband shall convey all of his right, title and interest in the real estate located at Lamenita Term Gia Nicastro, Italy, to the wife.
10. The net proceeds, if any, from the lawsuit against Hodge Insurance shall be divided equally between the parties. In the event no proceeds are realized from said litigation, all expenses incurred shall be divided equally between the parties.
11. The husband shall be responsible for the payment of the approximately $50,000 owed as a result of a judgment entered against them in a personal injury suit. He shall hold the wife harmless and indemnify her from any and all claims.
12. All of the contents of the marital home shall be the sole and exclusive property of the wife.
13. The wife shall receive from the husband sole and exclusive title to the 1990 Acura Legend and she shall hold CT Page 5188 him harmless from the loan on said vehicle.
14. The husband shall receive from the wife sole and exclusive title to the 1988 Acura Legend and the 1983 Chevy Van. Any notes or allegation due on said vehicles shall be paid by the husband and he shall hold the wife harmless from the same.
15. Except as otherwise provided by the court, each of the parties shall retain ownership of the property, including bank accounts, presently in their respective names.
16. Each of the parties shall be responsible for the payment of his or her own attorney's fees and costs.
MIHALAKOS, JUDGE